UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

**In re:**

**ALEXEI RASIN,**  Case No.: 17-22469-JKO
                  Chapter 7
   **Debtor.**
_____/

*EXPEDITED* MOTION TO DETERMINE THE STAY INAPPLICABLE, OR OTHERWISE FOR RELIEF FROM AUTOMATIC STAY
TO EVICT TENANTS AND TENANT'S OCCUPANTS, RECOVER POSSESSION OF PROPERTY AND FOR ORDER TO BE EFFECTIVE IMMEDIATELY UPON ENTRY

**CREDITOR**, 2080 Ocean Drive Condominium Association, Inc. aka 2080 Ocean Drive Condo Assoc Inc. ("Landlord"), hereby moves for entry of an expedited order for dismissal under 11 U.S.C. 707(a) and to determine the stay inapplicable to the terminated and expired lease or, alternatively, for relief from stay. In support of the Motion, Landlord states as follows:

**PARTIES, JURISDICTION AND VENUE**

1. This Court has Jurisdiction over this case under 11 USC §362 and 28 USC §1334, and the applicable rules and statutes affecting the jurisdiction of the Bankruptcy Court.

2. Alexel Rasin aka Alexei Rasin ("Debtor" or "Husband") is the pro se debtor for this voluntary petition for relief who has filed under Chapter 7 of the United States Bankruptcy Code and the pro se debtor in Case No. 16-26676 which was pending within the past 12 months.

3. Marc Barmat is the Chapter 7 Trustee administering the bankruptcy estate.

4. 2080 Ocean Drive Condominium Association, Inc. (Landlord) is owner of 2080 South Ocean Drive, Unit 1510, Hallandale Beach, FL 33009, the property (Property) leased by the Debtor and her Husband.

5. The Meeting of Creditors is scheduled for November 15, 2017.

1

## BACKGROUND

6. On June 23, 2016, the Debtor and his Wife entered into a residential lease with the Landlord commencing June 30, 2016 and ending June 30, 2017.

7. On September 30, 2016, the Debtor and her Husband failed to pay rent on the due date.

8. On December 6, 2016, the Landlord served a three day notice ("Notice") on the Debtor and her Husband. After the Debtor and her Husband failed to pay rent as demanded, the lease was terminated pursuant to the Notice. *See* Exhibit A, Lease and Three Day Notice.

9. On June 30, 2017, the original term of the lease expired.

10. On October 13, 2017, Mr. Rasin filed for bankruptcy. His bankruptcy was docketed.

11. On October 16, 2017, the special set hearing to evict Mr. Rasin and/or enforce the terms of the settlement was stayed.

12. At the hearings held on the Order to Show Cause, Mr. Rasin has admitted that the lease is expired.

13. To date, Mr. Rasin still remains in possession of the Property.

14. The Association continues to pay for the utilities and other costs for the Property.

15. To complete the eviction, the state court has required the Association to get an order from the bankruptcy court regarding the applicability of the stay, thus, the requested relief is required.

16. This Motion is not filed for dilatory purposes and if the Court grants the relief requested in the Motion, it will not result in prejudice to any interested parties.

## ARGUMENT

**I. The Stay is Inapplicable since the Property is not subject to any Lease**

The recovery of possession through eviction of debtor's residence does not violate stay where debtor had no interest in the residence that is protected by the stay. *In re: Gray*, 642 Fed. Appx. 641 (8th Cir 2016)(Colloton, J. concurring that landlord's retaking of possession of property through eviction after debtor defaulted on his land installment contract and landlord terminated it prior to the filing of the debtor's bankruptcy petition did not violate the stay because the debtor had no interest in the resident and, this, it was not property of the bankruptcy estate subject to the stay. *See In re Ziemski*, 338 B.R. 802 (8th Cir. 2006)(retirement benefits that are not property of the bankruptcy estate and not subject to turn over to the Trustee are not subject to the automatic stay). Property rights are determined by state law. *Nobelman v. American Savings Bank,* 508 U.S. 324, 329, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993); *Barnhill v. Johnson,* 503 U.S. 393, 398, 112 S.Ct. 1386, 118 L.Ed.2d 39 (1992); *Butner v. United States,* 440 U.S. 48, 54–55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). Because a lease may be terminated by three day notice or by expiration of a lease, this Court should determine the stay inapplicable since no leasehold exists that is property of the bankruptcy estate or subject to turnover to the Chapter 7 Trustee. *See* F.S. §§83.56(3), 83.58, 83.59(1).

**II. Alternatively, the Requirements for Relief from Stay are Met**

To the extent a stay exists, relief from automatic stay to evict the holdover debtor should be granted because the lease was terminated prepetition or, at a minimum, expired on June 30, 2017. *In re Key largo Watersports, Inc.*, 377 B.R. 378 (S.D. Fla. 2007); *In re Hickory Point Industries, Inc.,* 83 B.R. 805, 807 (M.D.Fla.1988) (holding that landlord effectively terminated the lease because the termination letter "clearly evidence[d] an intent by the [landlord] to terminate the lease").

**WHEREFORE**, the Landlord, 2080 Ocean Drive Condominium Association, Inc., respectfully requests that the Court enter an expedited order determining the stay inapplicable

3

or otherwise lifting the stay to evict the Debtor, the Debtor's Wife, and all other occupants at the Property, to recover possession of the Property, to order the requested relief be effective immediately upon entry and not stayed, and for such further and other relief the Court deems just and proper.

## CERTIFICATE OF ADMISSION AND SERVICE

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A).

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent electronically via the CM/ECF or US Mail on November 10, 2017 to: Alexei Rasin, 2080 South Ocean Drive, Unit 1510, Hallandale Beach, FL 33009 (via email); Office of the US Trustee, 51 SW 1st Ave, Suite 1204, Miami, FL 33130, Chapter 7 Trustee Marc Barmat, 2255 Glades Rd #337W, Boca Raton, FL 33431.

DATED: November 10, 2017    **GLAZER & ASSOCIATES, PA**
3113 Stirling Rd Suite 201
Fort Lauderdale, FL 33312
Tel: (954) 983-1112
Fax: (954) 333-3983

By: /s/ Paul Kim
PAUL KIM, ESQ. FBN 37111
paul@condo-laws.com

*Counsel for 2080 Ocean Drive Condominium Ass'n, Inc.*

4